**FILED**

**FEBRUARY 19, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT



## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| VIRGINIA SHARP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| TRI-FI, LLC d/b/a TRI-FINANCIAL , | ) |
| | ) |
| Defendant. | ) |

**08 C 1002**

**LCW**

## COMPLAINT

### INTRODUCTION

1.      Plaintiff brings this action to secure redress from unlawful credit and collection practices engaged in by defendants.   Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and state law.  The FDCPA broadly prohibits unfair or unconscionable collection methods;  conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### VENUE AND JURISDICTION

2.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28  U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

3.      Venue and personal jurisdiction in this District are proper because defendant's collection communications were received by plaintiff within this District.

## PARTIES

4.     Plaintiff Virginia Sharp is a resident of this District

5.     Defendant Tri-Fi, LLC is a limited liability company chartered under
New York law with offices at 286 Schenck Street, Suite A, North Tonawanda, New York 14120.

6.     Defendant Tri-Fi, LLC is engaged in the business of purchasing and
collecting debts originally owed to others, using the mails and interstate wires for that purpose.

7.     Defendant Tri-Fi, LLC is a debt collector as defined in the FDCPA

## FACTS

8.     On or about Jan. 29, 2008, a  representative of defendant left the following
message on plaintiff's voicemail:

> Hello, this message is for Virginia Sharp.  My name is Mr. Seiko.  This message
> serves as a notice informing yourself, social security number last four digits 9820,
> uh, let's see, this is concerning case docket number 14748 out in Will County.  I
> strongly advise that if you have any desire to resolve this matter on a voluntary
> out of court basis, that yourself or your attorney immediately return my call at 1-
> 877-268-9286 ext 232.  My name is Mr. Seiko.

9.     Defendant was attempting to collect an alleged debt incurred for personal,
family or household purposes.

## COUNT I – FDCPA

10.     Plaintiff incorporates paragraphs 1-9.

11.     Defendant's messages violated 15 U.S.C. §§1692e, 1692e(2), 1692e(5),
1692e(10), 1692e(11), and 1692e(14), as well as 15 U.S.C. §1692d(6).

12.     Each telephone message was a "communication" within the
meaning of 15 U.S.C. §§1692d(6) and 1692e.  *Foti v. NCO Financial Systems*, 424 F.Supp.2d
643, 669 (S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112,
1118 (C.D.Cal. 2005); *Joseph v. J. J. MacIntyre Cos.,* 281 F.Supp.2d 1156 (N.D.Cal. 2003);
*Stinson v. Asset Acceptance, LLC,* 1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist. LEXIS
42266 (E.D. Va., June 12, 2006); *Belin v. Litton Loan Servicing, LP,* 8:06-cv-760-T-24 EAJ,
2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006).

2

13.     The message violated 15 U.S.C. §1692d(6) and 15 U.S.C.  §§1692e, 1692e(2), 1692e(5), 1692e(10), and 1692e(11), because:

    a.     The message does not contain the warning required by 15 U.S.C. §1692e(11).

    b.     The message misrepresents that a lawsuit has been filed, when that was not true.

    c.     The message did not meaningfully identify defendant.

14.     15 U.S.C. §1692d(6) makes it unlawful for a debt collector to engage in the following conduct:  "Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity."

15.     Section 1692e provides:

**§ 1692e.     False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)     The false representation of–**

**(A)     the character, amount, or legal status of any debt; . . .**

**(5)     The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

**(10)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

**(11) The failure to disclose in the initial written communication  with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action. . . .**

16.     Plaintiff was frightened and upset by the messages.

WHEREFORE, the Court should enter judgment in favor of plaintiff  and against

defendant for:

        (1)    Statutory damages;

        (2)    Actual damages;

        (3)    Attorney's fees, litigation expenses and costs of suit;

        (4)    Such other and further relief as the Court deems proper.

### COUNT II  – ILLINOIS COLLECTION AGENCY ACT

17.    Plaintiff incorporates paragraphs 1-9.

18.    Defendant is a "collection agency" as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.  Section 425/3(d), as amended effective Jan. 1, 2008, brings debt buyers within its purview by providing that "A person, association, partnership, corporation, or other legal entity acts as a collection agency when he or it . . . Buys accounts, bills or other indebtedness and engages in collecting the same."  Previously coverage was limited to a person who "Buys accounts, bills or other indebtedness with recourse and engages in collecting the same".   By deleting "with recourse," the legislature intended to classify as a "collection agency" persons such as the defendant who buy charged-off debts for their own account.

19.    Defendant violated the following provisions of 225 ILCS 425/9:

**. . . (20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist.**

**(21) Failing to disclose to the debtor or his or her family the corporate, partnership or proprietary name, or other trade or business name, under which the debt collector is engaging in debt collections and which he or she is legally authorized to use. . . .**

**(31) Engaging in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public.**

20.    A private right of action exists for violation of the ICAA.  Sherman v. Field Clinic, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff  and against defendant:

4

(1)    Compensatory and punitive damages;

(2)    Costs.

(3)    Such other and further relief as is appropriate.


s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Michelle R. Teggelaar
EDELMAN, COMBS, LATTURNER
        & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiff demands trial by jury.


s/Daniel A. Edelman
Daniel A. Edelman

**NOTICE OF LIEN**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.


s/Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
        & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\20945\Pleading\Complaint_Pleading.WPD

6