**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| VIRGINIA SHARP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08 C 1002 |
| vs. | ) | |
| | ) | Judge St. Eve |
| TRI-FI, LLC d/b/a TRI-FINANCIAL , | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S INITIAL STATUS REPORT**

As of March 26, 2008, the deadline for submission of a Joint Status Report by the parties, no counsel has appeared on behalf of defendant, Tri-Fi, LLC d/b/a Tri-Financial ("Tri-Fi"). Tri-Fi was served on February 25, 2008 and was due to answer or otherwise plead on March 17, 2008. Plaintiff's counsel was contacted by an attorney in Springville, NY, calling on behalf of Tri-Fi. The attorney requested agreement to an extension of 60 days to answer or otherwise plead. Plaintiff's counsel did not agree to the requested extension, but did agree to an extension of 30 days. However, to date, plaintiff's counsel has not been contacted by local counsel for the defendant, and no motion for an extension of time to answer or otherwise plead has been filed.

I.    **The Nature of the Case**

A.    **The Attorneys of Record**

*For Plaintiff:*
Daniel A. Edelman
Michelle R. Teggelaar

**B.     Basis for Federal Jurisdiction**

This Court has subject matter jurisdiction under 28 U.S.C. §1331, 28 U.S.C. §1367, and 15 U.S.C. §1692 *et seq.* (Fair Debt Collection Practices Act, "FDCPA").

**C.     The Nature of the Claims Asserted**

Plaintiff specifically claims that, on January 29, 2008, that defendant placed a call to plaintiff in attempt to collect a debt, allegedly incurred for personal, family or household purposes, and left a message in the general voicemail at her place of employment.  Plaintiff alleged that this message violated the FDCPA, 15 U.S.C. §§1692d(6), 1692e, 1692e(2), 1692e(5), 1692e(10), and 1962e(11) by: (i) falsely representing that a lawsuit had been filed against plaintiff in Will County, (ii) threatening to take action that cannot legally be taken or that is not intended to be taken; (iii) failing to disclose the caller's identity; (iv) using false and deceptive means in an attempt to collect a debt; and (v) failing to disclose that the call was an attempt to collect a debt and that any information obtained would be used for that purpose. Plaintiff also alleges that the defendant violated the Illinois Collection Agency Act, 225 ILCS 425/9(20), (21) and (22) ("ICAA") by: (i) threatening a right or remedy that does not exist, (ii) failing to disclose the defendant's business name, and (iii) engaging in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud or harm the public.

**D.     The Major Legal and Factual Issues of the Case**

The following are legal issues involved in this case:

1.     Whether or not Tri-Fi's communication to plaintiff violated the FDCPA.

2.     Whether or not Tri-Fi's communication to plaintiff violated the ICAA.

3.     Whether or not Tri-Fi is entitled to any defenses to liability for the alleged

2

violations of the FDCPA and ICAA.

The following is a list of the factual issues involved in this case:

1.    Whether or not a lawsuit was filed against plaintiff.

2.    Whether or not defendant intended to file suit against plaintiff and/or if

defendant could legally file suit against plaintiff.

**E.    The Relief Sought**

Plaintiff seeks appropriate damages as provided for by 15 U.S.C. §1692k,

including statutory damages, actual damages, attorney's fees, litigation expenses, costs of suit,

and any other relief that the Court deems appropriate.  Under the ICAA, plaintiff seeks

compensatory and punitive damages, costs, and any other relief the Court deems appropriate.

**II.    Discovery Plan**

**A.    Pending Motions**

There are currently no pending motions before the court.

**B.    Discovery**

Written and oral discovery will be necessary on the legal and factual issues

identified above.  It is unlikely that expert discovery will be needed by either party.  Although

plaintiff has not been able to confer with counsel to formulate a discovery plan, plaintiff believes

that once defendant appears and discovery can be initiated, that the parties should be able to

complete discovery within 90 days.

**C.    Dispositive Motions**

Plaintiff believes that it is possible that this case could be resolved on dispositive

motions and proposes that a deadline for filing dispositive motions be set approximately 30 days

after the close of discovery.

     **D.**    **Pre-Trial and Trial**

Given the likelihood of resolution of this case, in part or in whole, through summary judgment motions, plaintiff proposes that the Court set a trial date and a deadline for the pre-trial order and related papers following the disposition of the parties' summary judgment motions. Plaintiff believes that a trial by jury could be completed in two days.

**III.**    **JURISDICTION OF MAGISTRATE**

At this time, before defendant has appeared, plaintiff cannot yet represent whether or not the parties will unanimously consent to the jurisdiction of the magistrate judge.

**IV.**    **SETTLEMENT DISCUSSIONS**

Plaintiff has attempted to discuss settlement with the attorney who initially contacted counsel, but was unable to reach an agreement. After defendant has appeared, a settlement conference may be helpful.

Respectfully submitted,


s/Michelle R. Teggelaar

Daniel A. Edelman
Michelle R. Teggelaar
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)

**CERTIFICATE OF SERVICE**

I, Michelle R. Teggelaar, hereby certify that on March 26, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.  The following party was served via United States Mail:

Tri-Fi, LLC
286 Schenck St., Suite A
North Tonawanda, NY  14120


s/Michelle R. Teggelaar_____