# EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 South LaSalle Street, Suite 1800
Chicago, Illinois 60603
(312) 739-4200
Fax: (312) 419-0379

March 19, 2008

*Via Facsimile Only*

Michael A. Benson
77 N. Buffalo St.
P.O. Box 411
Springville, NY 14141

Re:   *Sharp v. Tri-Fi, LLC*, No. 08 C 1002

Dear Mr. Benson:

      I am writing in response to your letter of March 18, 2008. We have repeatedly requested verification of this debt, and although it was often promised, what was provided was incomplete, and in come cases clearly erroneous. Prior to this letter, you represented that the debt was allegedly $427.31, allegedly owed to CNE Associates, had an account number of 14991, and had a date of last activity in May 2003. Now, two weeks later, the debt is allegedly $1503.81, owed to Discover, has an account number of Redacted, and has a date of last activity of December 7, 2001.

      Providing greatly disparate information does not verify a debt. The information in your March 18, 2008 letter again does not match any account listed on Ms. Sharp's credit report. She does not recall ever having a Discover card and has never heard of CNE Associates. Furthermore, your statement that Ms. Sharp "verified that she was the debtor" is an utter falsehood. She verified that she was Virginia Sharp and the last four digits of her social security number. At the time of the phone calls, and at all times since, she has disputed that she owes this debt and has demanded verification.

      We have already spent considerable time going back and forth over this issue. Your interest only appears to be arguing that my client owes the debt, despite your client's inability to verify it. Even if this latest representation is accurate, and the debt was not already paid or settled, it is beyond the statute of limitations and is not and has not been on my client's credit report. Our willingness to discuss this issue was only in the context of debt forgiveness as


EXHIBIT H

a potential element of a settlement of the federal lawsuit. Whether or not Ms. Sharp owes the debt otherwise is irrelevant, and we are not interested in a settlement which involves debt forgiveness based on the record here.

We are currently due to file a joint status report on March 26, 2008. As it does not appear that this case will settle prior to that date or the subsequent initial status on March 31, 2008, we will need to comply with that deadline. Please have your local counsel contact me as soon as possible regarding the same.

Sincerely,

Michelle R. Teggelaar

cc:     Virginia Sharp

```
************ -COMM. JOURNAL- ************ DATE MAR-19-2008 ***** TIME 07:47 ********

        MODE = MEMORY TRANSMISSION        START=MAR-19 07:46    END=MAR-19 07:47

        FILE NO.=563

STN     COMM.    ONE-TOUCH/   STATION NAME/TEL. NO.              PAGES      DURATION
NO.              ABBR NO.

001     OK       &            20945#17165925170#                 003/003    00:00:44


                                                      -ECLG LLC

************************************ -ECLG LLC       - ***** -      3124190379- ********
```

# EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603
(312) 739-4200
Fax: (312) 419-0379

March 19, 2008

# FAX COVER SHEET

| | |
|---|---|
| **To:** | Michael Benson |
| **Fax No:** | 716-592-5170 |
| **From:** | Michelle R. Teggelaar |
| **Subject:** | Sharp v. Tri-Financial |
| **Case No.:** | 20945 |
| **Pages:** | 3 (including cover) |

# EDELMAN, COMBS, LATTURNER & GOODWIN, LLC

120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603
(312) 739-4200
Fax: (312) 419-0379

March 19, 2008

# FAX COVER SHEET

| | |
|---|---|
| **To:** | Michael Benson |
| **Fax No:** | 716-592-5170 |
| **From:** | Michelle R. Teggelaar |
| **Subject:** | Sharp v. Tri-Financial |
| **Case No.:** | 20945 |
| **Pages:** | 3 (including cover) |

## Michelle Teggelaar

**From:** Michelle Teggelaar
**Sent:** Wednesday, March 19, 2008 2:51 PM
**To:** 'Michael A. Benson'
**Subject:** Sharp v. Tri-Fi

Mr. Benson -

The documents you sent confirm that the alleged debt is beyond the statute of limitations, even if viewed most favorably to Tri-Fi, placing it in 2001. More likely, there has been no activity on the account since it was charged off in 1999. The purported $100 "payment" is probably an entry resulting from the sale of the debt, which is consistent with entries we have seen in other cases. Moreover, the affidavit is internally inconsistent - stating that it was charged off in 1999, then sold to First Select, that plaintiff made no payments to First Select - but that the last "payment" occurred in 12/01, well after First Select owned the account. It also does not attach the documents it refers to as Exhibit A and B.

We are not interested in any further discussions regarding settlement involving forgiveness of this debt. If you are not going to be filing an appearance yourself in the pending case,
please have the attorney who will be contact me because of the deadline next week.


Michelle R. Teggelaar
Edelman, Combs, Latturner & Goodwin, LLC
120 S. LaSalle St., Suite 1800
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (fax)


4/21/2008

**From:** brookelaw@verizon.net
**To:** Michelle Teggelaar
**Cc:** Bensonlaw1@verizon.net
**Sent:** 4/02/2008  11:39AM
**Subject:** Tri-Financial

Pursuant to previous correspondence's regarding the above-mentioned matter, Tri-Financial will accept your settlement of Redacted
Mr. Benson will contact you later this afternoon regarding same.
Thank you.

EXHIBIT J

## Michelle Teggelaar

| | |
|---|---|
| **From:** | Michael A. Benson [bensonlaw1@verizon.net] |
| **Sent:** | Saturday, April 05, 2008 11:04 AM |
| **To:** | Michelle Teggelaar |
| **Subject:** | Sharp v. Tri Financial |

```
We have a deal.
Have your client sign and forward to me.
Will return with the funds.

Michael A. Benson, Esq.
77 N. Buffalo St.
P.O. Box 411
Springville, NY 14141
(716) 592-2900

PRIVILEGE AND CONFIDENTIALITY NOTICE
The information contained in this e-mail and any attachments may be legally privileged and
confidential. If you are not an intended recipient, you are hereby notified that any
dissemination, distribution or copying of this e-mail is strictly prohibited. If you have
received this e-mail in error, please notify the sender and permanently delete the e-mail
and any attachments immediately. You should not retain, copy or use this e-mail or any
attachment for any purpose, nor disclose all or any part of the contents to any other
person. Thank you.
```

1



EXHIBIT K

4/21/2008

**From:** bensonlaw1@verizon.net
**To:** Michelle Teggelaar
**Sent:** 4/08/2008   3:33PM
**Subject:** Re: RE: Re: Sharp agreement

Send me the settlement agreement without Sharp's Signature. I will have my client sign and will forward with payment. I have called the court and waiting for them to return the call. Will advise them of settlement.


From: Michelle Teggelaar <MTEGGELAAR@edcombs.com>
Date: 2008/04/08 Tue PM 02:23:26 CDT
To: "Michael A. Benson" <bensonlaw1@verizon.net>
Subject: RE: Re: Sharp agreement

I have no idea what you are referring to at this point, as you already responded to this yesterday and we exchanged several emails afterwards. We have made every accommodation to get this done and to you as quickly as possible so that the case could be dismissed prior to this appearance. I outlined how I intended to forward you a signature and dismiss the case last week. I did not get confirmation that the agreement was approved by your client until late last Friday. You did not raise any objection or insist upon an original signature prior to issuing payment until yesterday after 5 p.m., after I had already sent you the pdf of the copy faxed in by my client. We have no objection to providing an original - I explained my client's circumstances to you last night by email, as she is currently out of town. I sent you a fax earlier today updating you on the status regarding signatures, or attempts to get you an original signature as quickly as possible, and requesting your cooperation to get this case resolved. There is nothing further we can do at this point other than the efforts we have made to complete the agreement and resolve the case, yet you persist at name-calling.

It is that conduct, which led to my insistence that our communcations be conducted in writing, as you are well aware. I have responded to all of your inquiries, and have done so promptly - in writing. In the interest of settlement, I have attempted to look beyond the hostility, the insults directed towards my client and myself, and the repeated the misrepresentations about my client and myself, including those previously made to Judge St. Eve's minute clerk. If we cannot get the case paid and dismissed before Thursday, I will have to appear. As of today, your client has not signed the agreement. You have again made accusations against my client and myself simply because we have sent you a faxed signature in an attempt to complete the agreement quickly and provide your client with the promised dismissal with prejudice before the scheduled status date, as I had agreed to do. We have made a reasonable proposal to get the case dismissed as promised, we have gone out of our way to expedite the conclusion of this case, to document the agreement and get it signed in a matter of days, over the weekend to keep that agreement in mind. There is nothing further we can do or propose at this point if your client is unwilling to cooperate and agree in order to bring this matter to a conclusion.

-----Original Message-----
From: Michael A. Benson [mailto:bensonlaw1@verizon.net]
Sent: Tuesday, April 08, 2008 12:37 PM
To: Michelle Teggelaar



4/21/2008

**From:** bensonlaw1@verizon.net
**To:** Michelle Teggelaar
**Sent:** 4/08/2008   4:42PM
**Subject:** Re: RE: RE: Re: Sharp agreement

Spoke with the court, they will await the documents regarding the settlement.
No appearance necessary.



From: Michelle Teggelaar <MTEGGELAAR@edcombs.com>
Date: 2008/04/08 Tue PM 03:39:32 CDT
To: "Michael A. Benson" <bensonlaw1@verizon.net>
Subject: RE: RE: Re: Sharp agreement

As soon as we reached an agreement on terms I notified the court that the parties had reached a agreement in principle and were attempting to document and consummate the agreement prior to the scheduled hearing date. I did tell you that I would do so in one of the follow up emails, but perhaps it was when you were in and out of the office, and you simply missed that part of the email. You should also have the un-signed agreement. If you recall, I accidentially sent you the intial draft instead of the modified version and when you notified me of the error I sent you the corrected version in pdf form. I believe that was on Friday. It is that version that you subseqently told me that your client approved. I am re-sending it for your convenience.

-----Original Message-----
From: Michael A. Benson [mailto:bensonlaw1@verizon.net]
Sent: Tuesday, April 08, 2008 3:33 PM
To: Michelle Teggelaar
Subject: Re: RE: Re: Sharp agreement

Send me the settlement agreement without Sharp's Signature. I will have my client sign and will forward with payment. I have called the court and waiting for them to return the call. Will advise them of settlement.



From: Michelle Teggelaar <MTEGGELAAR@edcombs.com>
Date: 2008/04/08 Tue PM 02:23:26 CDT
To: "Michael A. Benson" <bensonlaw1@verizon.net>
Subject: RE: Re: Sharp agreement

I have no idea what you are referring to at this point, as you already responded to this yesterday and we exchanged several emails afterwards. We have made every accommodation to get this done and to you as quickly as possible so that the case could be dismissed prior to this appearance. I outlined how I intended to forward you a signature and dismiss the case last week. I did not get confirmation that the

EXHIBIT M

**From:** bensonlaw1@verizon.net
**To:** Michelle Teggelaar
**Sent:** 4/09/2008 3:47PM
**Subject:** Re: RE: RE: Sharp v. Tri Fi

Ask for a week. I will forward you the signed agreement and hold the money in escrow until the agreements that I send you are executed by your client, and you return two.

Due to your refusal to cxall to smoothly iron this matter out, and your mis intrepretations, I must protect my client's interest.

I am extremely busy. If you cannot extend a courtesy, then do not. But these emails are getting outr of hand.

Thank you.


From: Michelle Teggelaar <MTEGGELAAR@edcombs.com>
Date: 2008/04/09 Wed PM 03:41:23 CDT
To: "Michael A. Benson" <bensonlaw1@verizon.net>
Subject: RE: RE: Sharp v. Tri Fi

The call I will make is to the court. I asked you a yes or no question. Did you fed ex the check and agreement? Apparently you did not. I am willing to get the date continued until such time as the check can be provided, but need to have a date to give the clerk. I have nothing else to discuss with you. Please answer those questions. My client confirmed that she sent her original signature to me overnight by express mail. She is currently tracking it as I have not received it.

Page 1

EXHIBIT
N

**From:** bensonlaw1@verizon.net
**To:** Michelle Teggelaar
**Sent:** 4/09/2008   3:53PM
**Subject:** Re: RE: RE: RE: Sharp v. Tri Fi

Make sure there are 4.
So that my client can have an originol, as well as myself.


From: Michelle Teggelaar <MTEGGELAAR@edcombs.com>
Date: 2008/04/09 Wed PM 03:50:59 CDT
To: "Michael A. Benson" <bensonlaw1@verizon.net>
Subject: RE: RE: RE: Sharp v. Tri Fi

I am going to overnight a signed orignal tomorrow.  We tracked my client's package and it is apparently at the post office here and was not sent on to our office, but we should have it shortly.

-----Original Message-----
From: Michael A. Benson [mailto:bensonlaw1@verizon.net]
Sent: Wednesday, April 09, 2008 3:48 PM
To: Michelle Teggelaar
Subject: Re: RE: RE: Sharp v. Tri Fi

Ask for a week.  I will forward you the signed agreement and hold the money in escrow until the agreements that I send you are executed by your client, and you return two.

Due to your refusal to cxall to smoothly iron this matter out, and your mis intrepretations, I must protect my client's interest.

I am extremely busy.  If you cannot extend a courtesy, then do not.  But these emails are getting outr of hand.

Thank you.

EXHIBIT O
Blumberg No. 5208

4/23/2008

**From:** bensonlaw1@verizon.net
**To:** Michelle Teggelaar
**Sent:** 4/09/2008   4:36PM
**Subject:** Re: RE: RE: RE: Sharp v. Tri Fi

I am on record.

I contacted the court because you failed to return a phone call.

I can go the distance. And I am ready for it my friend.


From: Michelle Teggelaar <MTEGGELAAR@edcombs.com>
Date: 2008/04/09 Wed PM 04:21:35 CDT
To: "Michael A. Benson" <bensonlaw1@verizon.net>
Subject: RE: RE: RE: Sharp v. Tri Fi

Perhaps you failed to read the message where I informed you that I had already completed the call before you made your request. You did not observe that "courtesy" the instances where you contacted the clerk separately. I will be forwarding the original signature to you via overnight mail and expect to receive the check and agreement thereafter. I will file the notice of dismissal upon receipt of the check and provide copies to the defendant and yourself. If I do not receive the check and signed agreement from your client by the 16th, I will appear in court on the 17th. From today forward, if any other matters need to be addressed regarding this case other than as set forth above, I will only communicate with an attorney for the defendant who is admitted and of record in this case.

-----Original Message-----
From: Michael A. Benson [mailto:bensonlaw1@verizon.net]
Sent: Wednesday, April 09, 2008 4:09 PM
To: Michelle Teggelaar
Subject: Re: RE: RE: Sharp v. Tri Fi

I asked to be on this call. I have a schedule as well, and I start a trial in Los Angles on the 16th.
In New York, a matter is scheduled with two lawyers. It is a coutesy.
I will contact the court tomorrow.



From: Michelle Teggelaar <MTEGGELAAR@edcombs.com>
Date: 2008/04/09 Wed PM 04:01:20 CDT
To: "Michael A. Benson" <bensonlaw1@verizon.net>
Subject: RE: RE: Sharp v. Tri Fi

The Court approved the continuance. A minute order will be issued. The new date is April 17, 2008 @ 8:30. Therefore, we must file the notice of dismissal by the 16th.

-----Original Message-----
From: Michael A. Benson [mailto:bensonlaw1@verizon.net]
Sent: Wednesday, April 09, 2008 3:54 PM
To: Michelle Teggelaar

EXHIBIT P

Page 1

Law Offices of
**Edelman, Combs, Latturner & Goodwin, LLC**
120 South LaSalle Street
18th Floor
Chicago, Illinois 60603
312-739-4200
Fax 312-419-0379
Website www.edcombs.com
Email edcombs@aol.com

April 10, 2008

*Via Facsimile and Overnight Mail*

Michael A. Benson
77 N. Buffalo St.
P.O. Box 411
Springville, NY 14141

    Re:   *Sharp v. Tri-Fi, LLC, No. 08 C 1002*

Dear Mr. Benson:

    Enclosed please find an original Release & Settlement Agreement executed by my client. A copy of the executed agreement was previously provided to you by e-mail on April 7, 2008.

    I have also enclosed a copy of the Court's Minute Order of April 9, 2008 continuing the initial status from April 10, 2008 to April 17, 2008.

    As I have previously informed you, we have prepared a Rule 41 notice of dismissal which we will file upon receipt of the executed Release & Settlement Agreement and certified check from the defendant. In order to have the suit dismissed prior to the April 17, 2008 status date, we must receive the certified check and executed Release & Settlement Agreement by April 16, 2008.

                                             Sincerely,

                                             Michelle R. Teggelaar

Enclosures



**REDACTED**

## RELEASE & SETTLEMENT AGREEMENT

WHEREAS, VIRGINIA SHARP ("Plaintiff") has filed suit against TRI-FI, LLC d/b/a TRI-FINANCIAL ("Defendant") in the United States District Court for the Northern District of Illinois, Eastern Division entitled *Virginia Sharp v. Tri-Fi, LLC d/b/a Tri-Financial*, Case No. 08 C 1002 (N.D. Ill.) ("Litigation");

WHEREAS, Defendant has denied any liability in the Litigation;

WHEREAS, the parties have agreed to resolve this dispute and to terminate the pending Litigation with prejudice;

NOW, THEREFORE, in consideration of the agreements set forth in this RELEASE & SETTLEMENT AGREEMENT, the parties agree as follows:

(1) This RELEASE & SETTLEMENT AGREEMENT is entered into solely for the purpose of avoiding the burden and expense of further litigation and neither it nor any negotiations leading up to it is intended to be, or shall be construed as, an admission of fact or liability by any party.

(2) Defendant agrees to pay _____ total, in the form of certified check payable to the Edelman, Combs, Latturner & Goodwin, LLC Client Fund Account. Edelman, Combs, Latturner & Goodwin, LLC ("ECL&G") shall be responsible for the distribution of the _____, with _____ of that sum to be paid to Plaintiff, and the remaining _____ to be paid to her attorneys, ECL&G for its attorney's fees and costs for prosecution of Plaintiff's claims against Defendant.

(3) Upon receipt of the _____ ECL&G, the attorneys for Plaintiff, shall file a Notice of Dismissal of the Litigation with prejudice.

1

(4) Plaintiff, for good and valuable consideration, receipt and adequacy of which is hereby acknowledged, does hereby remise, release and forever discharge Defendant, its heirs, successors, predecessors, partners, shareholders, employees, employers, assigns and insurers (collectively, "Released Parties") of and from all claims that Plaintiff has or may have against the Released Parties, which were made or which could have been made by Plaintiff arising from the allegations in the Complaint in the Litigation. Plaintiff does not release her right to dispute any debt allegedly owed by Plaintiff, any defenses she may have relating to any debt allegedly owed by Plaintiff, or any future attempts to collect a debt allegedly owed by Plaintiff whether undertaken by Defendant or by any third-party purchaser, assignee or transferee.

(5) The Parties have each had the benefit of counsel of their own choosing to represent them concerning this RELEASE & SETTLEMENT AGREEMENT, and in signing this RELEASE & SETTLEMENT AGREEMENT the Parties have not relied upon any representations made by any person or party hereby released or the agent of any person or party hereby released.

(6) This RELEASE & SETTLEMENT AGREEMENT shall be governed by and interpreted in accordance with the laws of the State of Illinois.

(7) This RELEASE & SETTLEMENT AGREEMENT consists of three pages, including the signature page(s), and may be executed in counterpart.

IN WITNESS WHEREOF, the parties caused this RELEASE & SETTLEMENT AGREEMENT to be duly executed this _____ day of April 2008.

*/s/ Virginia Sharp*
Virginia Sharp

TRI-FI, LLC d/b/a TRI-FINANCIAL

_____
By: One of its duly authorized representatives

3

UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 3.1.3
Eastern Division

Virginia Sharp
                         Plaintiff,

v.                                                 Case No.: 1:08−cv−01002
                                                Honorable Amy J. St. Eve

Tri−Fi, LLC
                         Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, April 9, 2008:

      MINUTE entry before Judge Honorable Amy J. St. Eve:( Joint Status Report due by 4/14/2008., Status hearing set for 4/10/2008 is stricken and reset to 4/17/2008 at 08:30 AM.)Mailed notice(tmh, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

```
************ -COMM. JOURNAL- ************ DATE APR-10-2008 ***** TIME 13:08 ********

            MODE = MEMORY TRANSMISSION          START=APR-10 13:06    END=APR-10 13:08

                FILE NO.=754

        STN    COMM.    ONE-TOUCH/    STATION NAME/TEL. NO.                     PAGES       DURATION
        NO.             ABBR NO.

        001    OK       a             20945#17165925170#                        006/006     00:00:42


                                                                -ECLG LLC                    --

        ************************************ -ECLG LLC     - ***** --         3124190379- *********
```

# EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603
(312) 739-4200
Fax: (312) 419-0379

April 10, 2008

# FAX COVER SHEET

**To:** Michael Benson

**Fax No:** 716-592-5170

**From:** Michelle R. Teggelaar (ms)

**Subject:** Sharp v. Tri-Financial

**Case No.:** 20945

**Pages:** 6 (with cover)

# EDELMAN, COMBS, LATTURNER & GOODWIN, LLC

120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603
(312) 739-4200
Fax: (312) 419-0379

April 10, 2008

# FAX COVER SHEET

| | |
|---|---|
| **To:** | Michael Benson |
| **Fax No:** | 716-592-5170 |
| **From:** | Michelle R. Teggelaar (ms) |
| **Subject:** | Sharp v. Tri-Financial |
| **Case No.:** | 20945 |
| **Pages:** | 6 (with cover) |